# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2022

Lyle W. Cayce
Clerk

No. 22-50047
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Filiberto Munoz, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-2183-2

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

A jury convicted Filiberto Munoz, Jr. of conspiracy and possession with intent to distribute a controlled substance. The district court sentenced Munoz to 120 months' imprisonment and 5 years' supervised release. Munoz appeals his conviction for lack of sufficient evidence because the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

investigating agents did not witness the drug transaction at issue or recover drugs from his apartment. We affirm.

We review preserved insufficiency claims "with substantial deference to the jury verdict, asking only whether a rational jury could have found each essential element of the offense beyond a reasonable doubt." *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir. 2012) (en banc) (internal quotation marks omitted). However, where as here the defendant moves for judgment of acquittal at the end of the Government's case but does not renew the motion at the end of all the evidence, "the defendant has forfeited his insufficiency challenge and our review is for a 'manifest miscarriage of justice.'" *United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012) (quoting *United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008)). Under this standard, Munoz can only succeed if "the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Delgado*, 672 F.3d at 331 (cleaned up).

Here, Munoz told agents that he agreed to participate in a drug deal in exchange for $250. He admitted that two unknown men gave him a drug-laden tire, which he took to his apartment and cut open to extract bundled drugs. Agents found the sliced tire and other paraphernalia in his apartment. Munoz also admitted that he placed the drugs in a duffel bag, coordinated the pickup, and gave the bag to a co-conspirator. Witness statements and phone records corroborated these admissions. The evidence presented at trial was thus not so tenuous that Munoz's conviction is shocking. *See Davis*, 690 F.3d at 336; *Delgado*, 672 F.3d at 331. The district court did not err by denying Munoz's motion for judgment of acquittal.

AFFIRMED.